Asociación de Guardias de Penales de Puerto Rico, demandante, recurrente y recurrida, *v.* Secretario de Justicia de Puerto Rico, demandado, recurrido y recurrente.

Número: 12931   Resuelto: 11 de marzo de 1963

*Guillermo Bauzá* y *Jesús E. Palmer,* abogados de la recurrente y recurrida; *J. B. Fernández Badillo, Procurador General,* y *Jorge Segarra, Procurador General Auxiliar,* abogados del recurrido y recurrente.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El Art. 20 de la Ley Núm. 17 de 19 de enero de 1951—Ley de Armas— dispuso en un principio que podrían tener, poseer, portar, transportar y conducir armas legalmente: "...(3) El Superintendente de Prisiones, jefes de penitenciarías insulares y alcaides de cárcel en el ejercicio de sus funciones como tales. (4) Los guardias de penales y los custodios de presos *mientras estuvieren en el ejercicio de sus funciones como tales* y bajo la reglamentación que provea el Procurador General." Por la Ley Núm. 149 de 30 de abril de 1952 se enmendó el Art. 20 en sus incisos 3 y 4 para disponer que podrían tener, poseer, portar, transportar y conducir armas legalmente: "(3) El superintendente de Prisiones, jefes de penitenciarías insulares y alcaides de cárcel bajo la reglamentación que provea el Procurador General. (4) Los guardias de penales y los custodios de presos bajo la reglamentación que provea el Procurador General."

Se habrá visto que la enmienda consistió en eliminar de ambos incisos la disposición "en el ejercicio de sus funciones como tales" disponiéndose en uno y otro caso que esos funcionarios y empleados podrían tener, poseer, portar, transportar y conducir armas legalmente "bajo la reglamentación que provea el Procurador General." Probablemente, no lo resolvemos, el Legislador creyó conveniente dar traslado del asunto a la esfera administrativa, siendo como lo son estos funcionarios y empleados subalternos del Secretario de Justicia.

La Asociación de Guardias de Penales de Puerto Rico acudió a la Sala de San Juan del Tribunal Superior en recurso de sentencia declaratoria contra el Secretario de Justicia y alegó que éste había preparado un proyecto de reglamento que violaba los derechos que la ley concedía a los guardias de penales para portar armas cuando no estuvieren en el ejercicio de

sus funciones como tales. Por consiguiente, al interponer su recurso la Asociación demandante partía del supuesto de que la ley autoriza a los guardias de penales a portar armas cuando no estuvieren en el ejercicio de sus funciones.

El Secretario de Justicia contestó la demanda e interpuso como defensas adicionales que la misma no aducía hechos que justificaran la intervención del Tribunal y que tampoco aducía hechos que demostraran la existencia de una controversia real y efectiva entre las partes, por lo cual el Tribunal carecía de jurisdicción. El pleito fue a juicio en sus méritos y la Sala sentenciadora dictó sentencia sosteniendo que a partir de la Ley Núm. 149 de 1952 los guardias de penales podían tener en su poder y transportar armas aunque ellos no se hallaren en sus trabajos en el ejercicio de sus funciones como tales guardias de penales, pero que tal posesión o portación no era libremente y sí "únicamente bajo la reglamentación que provea el Secretario de Justicia." Ambas partes apelaron la sentencia.

En primer lugar es muy dudoso que la Asociación de Guardias de Penales tuviera una causa de acción para demandar o fuera parte realmente interesada. Como tal persona meramente jurídica ella ni poseía ni portaba armas. Pero en vista de la disposición del caso podríamos considerar esta acción como un pleito de grupo.

■ La Sala sentenciadora debió haber declarado con lugar las defensas adicionales interpuestas por el Secretario de Justicia y no haber resuelto el caso en los méritos. La razón es que bajo los hechos del mismo no existía, ni existe aún, una controversia real entre las partes de naturaleza justiciable, propia para un pronunciamiento judicial. Véase la discusión en *Moscoso v. Rivera*, 76 D.P.R. 481. Cfr. *Colón v. San Patricio Corp.*, 81 D.P.R. 242, a la pág. 263. Borchard, *Declaratory Judgments*, 2d. ed., *Justiciability*, pág. 33 y ss.

En su alegato ante nos fechado en 8 de agosto de 1962, el Secretario de Justicia informa que él no ha adoptado la reglamentación que dispone la ley para estos casos. El proyecto que preparó y que sirvió de base al pleito no era un acto que produjera efectos legales. Las consideraciones y circunstancias que los guardias de penales expusieron ante la Sala sentenciadora en la vista del caso, encaminadas a demostrar lo deseable de que ellos porten armas cuando no están en el ejercicio de sus funciones, era materia más apropiada para ser sometida a la consideración del Secretario de Justicia a ser tomada en consideración por éste al preparar la reglamentación.

■ Bajo las disposiciones de ley al efecto de que los guardias de penales pueden portar armas bajo la reglamentación del Secretario de Justicia, compete a éste en primera instancia interpretar la ley al ejercer su función de reglamentar. La intervención judicial en este caso tuvo el efecto de intervenir con dicha función administrativa, diciéndole al Secretario de Justicia que al disponer la reglamentación apropiada, debía partir de la base de que los guardias de penales estaban autorizados por ley a portar armas cuando no estuvieren en el ejercicio de sus funciones.

Corresponde al Secretario de Justicia descargar esta responsabilidad administrativa, y si la reglamentación resultare contraria a la ley o en exceso de la autoridad conferida, o ilegal, o si aun no siéndolo afectare los intereses o derechos de estos demandantes, podría surgir el momento de una controversia de tipo justiciable, a ser resuelta por los tribunales.

*Se revocará la sentencia apelada y se dictará otra desestimando la demanda por falta de jurisdicción sobre la materia en ausencia de una cuestión judicial.*