# 95 DTA 10

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

ANGEL EDGARDO NIEVES PIGARELLA
Querellante-Recurrente

v.

COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO
Querellada-Recurrida

Núm. KLCE-95-00009

San Juan, Puerto Rico, a 16 de febrero de 1995

Panel integrado por su presidente Juez Rossy García,
y las Jueces Alfonso de Cumpiano y Rodríguez de Oronoz

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El 5 de enero de 1995 el peticionario, Sr. Angel E. Nieves Figarella, presentó una acción civil sobre discrimen, represalias y despido injustificado contra la Cooperativa de Seguros Múltiples de Puerto Rico (en adelante *"la Cooperativa"*). ■ Para su tramitación invocó el procedimiento especial de carácter sumario establecido mediante la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 *et seq.*

Se desprende de los documentos que obran en autos que la Cooperativa fue notificada de la reclamación instada el 5 de enero de 1995, siendo apercibida en el mandamiento de citación diligenciado del término dispuesto en la sección 3 de la Ley Núm. 2, 32 L.P.R.A. sec. 3120, para presentar su contestación.

El 19 de enero de 1995, es decir, dos (2) días luego de la expiración del término de diez (10) días dispuesto por dicha ley, la Cooperativa presentó su contestación negando la mayor parte de las alegaciones y exponiendo una serie de defensas afirmativas■ Entre éstas alegó afirmativamente que:

*"No procede el que la parte querellante se acoja al procedimiento especial de carácter sumario establecido en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada (32 L.P.R.A. §§3118-3132), por cuanto la parte principal de la reclamación incluida en la querella trata sobre daños y perjuicios, lo cual no cae dentro de dicho procedimiento sumario".* (Véase Exhibit III, pág. 7).

En la misma fecha, pero en un escrito separado, la Cooperativa presentó una moción solicitando que la acción interpuesta se tramitara por el curso ordinario de los procedimientos, reiterándose en su contención relativa a la inaplicabilidad de la Ley Núm. 2. En ella argumentó que *"[l]a Legislatura al aprobar dicha ley fue específica y la limitó a ciertas reclamaciones laborales específicas de los obreros contra sus patronos [y que no] extendió su alcance a reclamaciones por daños y perjuicios".* (Exhibit VII, pág. 15).

Con este trasfondo el peticionario presentó el mismo día en que la Cooperativa sometió su contestación y la moción antes indicada, 19 de enero de 1995, un escrito en solicitud de anotación de rebeldía y sentencia. Presentó luego, el 20 de enero de 1995, un escrito titulado *"Moción en Oposición a que se Permita la Contestación a la Querella, por Falta de Jurisdicción".* (Exhibit VIII, pág. 17). Como el título del segundo escrito presentado sugiere, el recurrente postula que el tribunal de instancia carece de jurisdicción para considerar los fundamentos de impugnación levantados por la recurrida en lo que respecta a la aplicabilidad de la Ley Núm. 2, ello por razón de no haber presentado su contestación dentro del término de diez (10) días que alegadamente tenía a esos efectos.

Consideradas como fueron dichas mociones, el 25 de enero de 1995 el tribunal de instancia emitió una orden declarando *"no ha lugar"* la moción solicitando anotación de rebeldía y sentencia sometida por el peticionario. En igual fecha emitió orden acogiendo la moción que fue presentada por la Cooperativa impugnando la aplicabilidad del procedimiento sumario utilizado por el recurrente, a quien le concedió un término de quince (15) días para exponer su posición.

Inconforme el peticionario con dicho dictamen y sin haberse adjudicado el aspecto de derecho levantado por la recurrida ante el tribunal de instancia, interpuso el recurso que nos ocupa. En el mismo insiste en su contención a los efectos de que el tribunal de instancia carece de jurisdicción para considerar la impugnación hecha al procedimiento invocado.

Considerado como fue el recurso instado y los documentos complementarios sometidos,

emitimos resolución el 8 de febrero de 1995 concediéndole al peticionario cinco (5) días para mostrar causa por la que no debíamos desestimar su recurso por falta de madurez,█ ello en vista de la pendencia, ante el Tribunal Superior, de la controversia en torno a si el procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961 es de aplicación para el trámite de la acción civil presentada por el peticionario. En atención a nuestra orden el peticionario ha comparecido mediante escrito en el que vuelve a reproducir sus argumentos dirigidos a cuestionar la facultad del tribunal de instancia para considerar la impugnación a la aplicabilidad del procedimiento dispuesto por la Ley Núm. 2 para tramitar la reclamación por él instada. Así argumenta que *"[la] Orden o Resolución objeto del presente recurso ... tuvo como consecuencia el que se acogiera fuera del término de ley, la contestación a la querella"*, lo que a su juicio es impermisible por carecer el tribunal de jurisdicción para así proceder en un procedimiento sumario al amparo de la Ley Núm. 2█

Ante el cuadro procesal antes expuesto y atendida la comparecencia del peticionario, ningún fundamento meritorio ha aducido éste que nos mueva a desviarnos del curso decisorio intimado. Ciertamente carece de todo mérito su argumento a los efectos de que el tribunal de instancia carece de jurisdicción para considerar los méritos de la impugnación del procedimiento invocado por el peticionario. Obviamente, la mera invocación del derecho a tramitar una reclamación conforme a lo dispuesto en la Ley Núm. 2, en circunstancias donde el procedimiento en el la dispuesto no resultare de aplicación, no tiene el efecto pretendido de privar al tribunal de jurisdicción para resolver una controversia oportunamente levantada en torno a su aplicabilidad.

Sólo luego de quedar dirimida tal controversia, la que debe ser atendida con carácter prioritario por el tribunal de instancia, y una vez determinado que el procedimiento invocado es vehículo apropiado para tramitar una reclamación, es que cobra aplicación lo ordenado y dispuesto por dicha Ley Núm. 2. En tal caso ninguna duda debe existir en cuanto a la obligación de todos los tribunales de darle vigencia al claro mandato legislativo plasmado en dicha ley de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales, *Secretario del Trabajo v. J.C. Penney Co.,* 119 D.P.R. 660 (1987), ni en cuanto a la limitada discreción del tribunal para soslayar la rigurosa aplicación de los términos taxativos de dicha ley en lo que respecta al término en ella dispuesto para contestar. *Mercado Cintrón v. Zeta Communications Inc.,* ___ D.P.R. ___ (1994), **94 J.T.S. 50.**

Concluimos, por tanto que el peticionario no nos ha presentado razón o fundamento meritorio que justifique la expedición del auto peticionado para interferir con el descargo de la función adjudicativa del tribunal de primera instancia, sobre la aplicabilidad o no del procedimiento sumario bajo la Ley Núm. 2 a la presente controversia.

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 10

**1.** Como remedio solicitó un pronunciamiento de sentencia ordenando su reinstalación con la correspondiente paga por concepto de los salarios dejados de devengar, más una suma adicional, estimada en doscientos cincuenta mil dólares ($250,000), excluyendo el lucro cesante, como indemnización por los daños y angustias mentales resultantes del proceder culposo imputado a la parte querellada.

**2.** Como sabemos, la Regla 68.1 de las de Procedimiento Civil, dispone en lo pertinente que *"[e]l último día del*

*término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día de fiesta legal."* 32 L.P.R.A. Ap. III, R. 68.1. En el presente caso el décimo día natural desde la notificación de la querella era domingo, mientras que el lunes, 16 de enero de 1995, era día de fiesta legal (Día de Martín Luther King, Jr.). Siendo ello así el plazo de diez (10) días dispuesto por la Ley Núm. 2, expiró el martes 17 de enero de 1995.

3. Vale destacar que lo medular de la doctrina de madurez reside en que la controversia se considera prematura porque un examen de ella indica que hay ciertos eventos y sucesos futuros que afectarán su configuración y estructura de manera tal que niegan su presente justiciabilidad, bien por que resalta que una decisión posterior es más adecuada o se demuestra directamente que la cuestión no está aún debidamente delineada para adjudicación. Raúl Serrano Geyls, I *Derecho Constitucional de Estados Unidos y Puerto Rico,* Programa de Educación Legal Continuada, U.I.P.R. (1992), pág. 195. Véase además, *Asociación de Guardias Penales v. Secretario de Justicia,* 87 D.P.R. 711 (1963); *Comisión de la Mujer v. Giménez,* 109 D.P.R. 715 (1980).

4. Véase Moción Mostrando Causa, pág. 2.