# 95 DTA 168

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

GUILLERMO CIDRE MIRANDA
Recurrido

v.

MARIA DEL PILAR SERRANO PERNAS
Peticionaria

Núm. KLCE-95-00324

San Juan, Puerto Rico, a 31 de mayo de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

## TEXTO COMPLETO DE LA RESOLUCION

El recurso instado en el caso de epígrafe interesa la revocación de una resolución emitida el 24 de abril de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, Antonio L. Corretjer Piquer, Juez, copia de cuya notificación fue archivada en autos el 10 de mayo del mismo mes y año.

El referido dictamen se emitió en atención a una *"Moción Solicitando Renuncia de Representación Legal, Suspensión de Toma de Deposición y Relevo de Resolución"* radicada por el abogado del aquí recurrido el 6 de abril de 1995 ▮ Este lee textualmente como sigue:

*"A la solicitud de renuncia de representación, No Ha Lugar. Se le ordena al Sr. Cidre que se someta a la deposición so pena de que se le desestimen sus alegaciones. El Lcdo. Villa consignará $500.00 a favor del Estado Libre Asociado como sanción por su incumplimiento con las órdenes del Tribunal en el término de 10 días. Se señala para vista sobre el estado del caso para el día 19 de mayo de 1995 a las 2:00 p.m. Los abogados traerán a sus respectivos clientes.*

*Fdo. Antonio L. Corretjer Piquer"* ▮

Argumenta la parte peticionaria que como consecuencia de dicha resolución, se dejó sin efecto la sentencia parcial, final y firme, dictada el 18 de octubre de 1994 por el Hon. Flavio E. Cumpiano, Juez Superior, mediante la cual se ordenó la eliminación de las alegaciones del demandante reconvenido, aquí recurrido; se dispuso la desestimación de la demanda por él interpuesta; y se ordenó la continuación del trámite procesal en rebeldía en lo que respecta a la reconvención interpuesta por la aquí peticionaria en el caso de liquidación de sociedad legal de gananciales constituida entre las partes. Una cuidadosa lectura de la resolución cuya revocación solicita la peticionaria a la luz del trámite procesal habido demuestra que la misma no tiene el alcance por ella imputado.

Varios extremos se desprenden claramente de su texto: primero, la denegación de la solicitud de renuncia de representación legal; segundo, la orden a los efectos de que el aquí recurrido se someta a la deposición solicitada por la peticionaria; y tercero, la imposición de una sanción económica al abogado del peticionario a favor del Estado por su incumplimiento con las órdenes del tribunal. Ningún pronunciamiento hace el tribunal en lo que respecta a la solicitud de relevo de los efectos de la sentencia parcial antes referida, limitándose a señalar una vista sobre el estado del caso. Debemos también senalar que previo a la moción que dio base al dictamen recurrido, la representación legal del demandante reconvenido había presentado moción fechada 18 de marzo de 1995 solicitando la reinstalación de sus alegaciones y el relevo de la rebeldía anotada, escrito sobre el cual el tribunal tampoco se pronunció en forma alguna.

A la luz de lo antes expuesto, forzoso resulta concluir que cualquier pronunciamiento de este foro revisor en torno a la corrección del dictamen recurrido, según interpretado por la peticionaria, constituiría una actuación prematura producto de la especulación. Implícito está que el señalamiento de una vista *"sobre el estado del caso"*, sin más, no conlleva ni implica

que se dejó sin efecto la sentencia parcial de 18 de octubre de 1994. En todo caso dicha vista pudo ser señalada por el tribunal de instancia en el ejercicio de su discreción para, entre otros fines, ordenar el trámite procesal y considerar alternativas conducentes a la pronta y económica solución de los extremos y controversias pendientes de adjudicación. Basta aquí con señalar que una controversia se considera prematura cuando un examen de ella indica que hay ciertos eventos y sucesos futuros que afectarán su configuración y estructura de manera tal que niegan su presente justiciabilidad, bien porque resalta que una decisión posterior es más adecuada o se demuestra directamente que la cuestión no está aún debidamente delineada para adjudicación. Raul Serrano Geyls, *Derecho Constitucional de Estados Unidos y Puerto Rico,* Programa de Educación Legal Continuada, U.I.P.R. (1992), Tomo I, pág. 195▪

Recapitulando, en el caso que nos ocupa, ningún pronunciamiento hizo el tribunal de instancia en el dictamen recurrido que tenga el alcance de dejar sin efecto y relevar a la recurrida de los efectos de la sentencia parcial emitida el 18 de octubre de 1994. Tampoco podemos inferir de su lenguaje una determinación con respecto a dicho extremo. Resolvemos en consecuencia que resulta procedente denegar la expedición del auto solicitado para permitir al tribunal recurrido emitir su dictamen relativo a la solicitud de relevo. Adjudicado dicho extremo, la parte adversamente afectada podrá recurrir en tiempo oportuno ante este foro para solicitar la revisión del dictamen correspondiente.

Por los fundamentos antes consignados, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 168

1. Véase Apéndice XVII, págs. 43-46 a la solicitud de *Certiorari.*

2. Véase Apéndice Complementario, pág. 1, sometido por la parte peticionaria junto con la Moción Informativa de 15 de mayo de 1995.

3. Véase además, *Asociación de Guardías Penales v. Secretario de Justicia,* 87 D.P.R. 711 (1963); *Comisión de la Mujer v. Giménez,* 109 D.P.R. 715 (1980).