FÉLIX AGUILÚ DELGADO, demandante y recurrido, *v.* PUERTO RICO PARKING SYSTEM, demandada y recurrente.

*Número:* CE-86-441 *Resuelto:* 30 de junio de 1988

*Ilka H. Díaz Delgado*, abogada de la recurrente; *Lilliam Ruiz De Jesús* y *Adalina De Jesús*, abogadas del Departamento de Asuntos del Consumidor. La parte recurrida no compareció.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

El 20 de noviembre de 1984 el Sr. Félix Aguilú Delgado presentó demanda en daños y perjuicios contra la Puerto Rico Parking System ante el Tribunal de Distrito, Sala de Ponce.

La demanda estaba predicada en los daños ascendentes a $2,983, que sufriera el automóvil del señor Aguilú al precipitarse por un barranco colindante con el área de estacionamiento operado por la parte demandada. El demandante reclamó, además, $4,000 por concepto de sufrimientos y an-

gustias mentales por razón de haberse visto privado del uso de su vehículo de motor.

La Puerto Rico Parking System presentó una moción de desestimación ante el tribunal de instancia. En la misma argumentó que las controversias planteadas en la demanda correspondían a la jurisdicción primaria del Departamento de Asuntos del Consumidor (en adelante D.A.C.O.) a tenor con lo dispuesto en el Art. 7 de la Ley Núm. 120 de 7 de junio de 1973 (23 L.P.R.A. sec. 812) y lo resuelto en *P.R. Amer. Ins. Co. v. P.R. Park. System,* 108 D.P.R. 106 (1978); *P.R. Parking Corp. v. ASERCO,* 103 D.P.R. 65 (1974).

El Tribunal de Distrito, Sala de Ponce, mediante resolución de 8 de abril de 1985, declaró sin lugar la desestimación de la demanda. La demandada recurrió de dicho dictamen al Tribunal Superior y éste dictó sentencia el 23 de abril de 1986 que confirma la resolución emitida por el Tribunal de Distrito. La sentencia ordenó la continuación de los procedimientos ante el Tribunal de Distrito.

No conforme, la demandada presentó recurso de *revisión* ante nos.

El recurrente plantea, en síntesis, la comisión del error siguiente:

Haber confirmado el Tribunal Superior la resolución emitida por el Tribunal de Distrito, Sala de Ponce, y ordenado la continuación de los procedimientos en dicho tribunal por razón de haberse reclamado, además de los daños al vehículo, sufrimientos y angustias mentales a pesar de tener D.A.C.O. la jurisdicción primaria.

Oportunamente solicitamos a D.A.C.O. su posición sobre esta controversia. Ha comparecido y contamos con el beneficio de sus puntos de vista.

## II

La reclamación instada en el foro de instancia se hizo bajo la Ley Núm. 120 de 7 de junio de 1973 (23 L.P.R.A.

sec. 805 *et seq.*), conocida como "Ley para Regular el Negocio de Áreas para el Estacionamiento Público de Vehículos de Motor". La misma dispone, en su Art. 7, lo siguiente:

> *El Secretario tendrá jurisdicción primaria* para entrar a considerar y resolver, previa celebración de una vista administrativa, cualquier reclamación que tenga un usuario en contra del operador de un área de estacionamiento público cuando ésta surja de daños o perjuicios sufridos por su vehículo o a cualquier parte o accesorio de éste; o cuando la misma surja por haberle cobrado el operador una tarifa mayor que la fijada, disponiéndose, que para propósito de la adjudicación de los daños y perjuicios se entenderá que el operario ha actuado como depositario del vehículo del usuario. Disponiéndose, que la radicación de una reclamación bajo las disposiciones de esta sección *no será óbice* para que una parte que haya sufrido *daños y perjuicios* en su *persona*, pueda radicar la acción correspondiente ante el tribunal con competencia y jurisdicción. (Énfasis suplido.) 23 L.P.R.A. sec. 812.

■ El propósito legislativo al adoptarse esta medida fue crear un esquema de reglamentación que protegiera adecuadamente los intereses de los usuarios de estacionamientos públicos y así proveerles remedios adecuados y rápidos.

■ La referida ley le otorgó a D.A.C.O. la jurisdicción primaria *exclusiva* para resolver cualquier reclamación que tuviera un usuario en contra del operador de un área de estacionamiento público, cuando ésta surgiera de los daños y perjuicios sufridos *por su vehículo.* Dispone también que la presentación de una reclamación bajo la misma *no será óbice* para que una persona que haya sufrido daños y perjuicios *en su persona* pueda presentar la correspondiente reclamación ante los tribunales.

Recientemente hemos vuelto a expresarnos sobre las doctrinas de jurisdicción primaria y la de agotamiento de remedios administrativos. Sobre ésta última, también hemos dispuesto las circunstancias bajo las cuales se puede prescin-

dir de agotar dichos remedios. *Delgado Rodríguez v. Nazario de Ferrer*, 121 D.P.R. 347 (1988); *First Fed. Savs. v. Asoc. de Condómines*, 114 D.P.R. 426 (1983); *Ferrer Rodríguez v. Figueroa*, 109 D.P.R. 398 (1980); *E.L.A. v. 12,974.78 Metros Cuadrados*, 90 D.P.R. 506 (1964).

■ Las doctrinas de jurisdicción primaria y la de agotar remedios administrativos están estrechamente entrelazadas aunque son distintas. La primera doctrina se refiere a si el organismo administrativo o los tribunales tienen jurisdicción *original* para considerar la reclamación. La doctrina de agotar los remedios administrativos, por su parte, se refiere a la etapa de un procedimiento administrativo en que los tribunales deben intervenir para revisar la acción administrativa. B. Schwartz, *Administrative Law*, 2da ed., Boston, Little Brown & Co., 1984, Secs. 8.23 y ss., 8.34 y ss., 9.1 y ss.; 4 *Davis, Administrative Law Treatise* Secs. 22.1 y ss., 25.1 y ss., 26.1 y ss. (2da ed. 1983).

■ Por otro lado, la doctrina de madurez se refiere no a la etapa del procedimiento en que un tribunal deba intervenir, sino al momento en que *la materia* en controversia está *madura* para ser revisada por los tribunales. Davis, *op. cit.*, Sec. 25.1; *Asoc. Guardias Penales v. Srio. de Justicia*, 87 D.P.R. 711 (1963); *Com. de la Mujer v. Srio. de Justicia*, 109 D.P.R. 715 (1980).

■ La doctrina de jurisdicción primaria tiene, a su vez, dos (2) vertientes: la jurisdicción primaria exclusiva y la jurisdicción primaria concurrente. En la primera, la ley dispone que el organismo administrativo será el único que tendrá jurisdicción inicial para examinar la reclamación. La jurisdicción concurrente se da cuando la ley permite que la reclamación se inicie bien en el foro administrativo o bien en el judicial. Schwartz, *op. cit.*, Sec. 23.1 y ss.; *Ferretería Matos, Inc. v. P.R. Tel. Co.*, 110 D.P.R. 153 (1980); *Ferrer*

*Rodríguez v. Figueroa,* supra; *First Fed. Savs. v. Asoc. de Condómines,* supra.

Un examen cuidadoso de la Ley Núm. 120, *supra,* y de su Exposición de Motivos (1973 Leyes de Puerto Rico 508–509) refleja que D.A.C.O. tiene jurisdicción primaria *exclusiva* para considerar las reclamaciones que surjan contra un operador de un área de estacionamiento público cuando éstas se originan de los daños y perjuicios sufridos por el vehículo de un usuario. Así lo sostuvimos en *P.R. Parking Corp. v. ASERCO,* supra, pág. 67, donde expresamos lo siguiente:

> La Ley Núm. 120 de 1973, 23 L.P.R.A. sec. 805 y ss., encarna este principio en modo aún más eficaz que la Ley Núm. 107 de 27 de junio de 1964, ya que actualmente el Secretario de Asuntos del Consumidor tiene jurisdicción primaria para resolver cualquier reclamación que tenga un usuario en contra del operador de un área de estacionamiento públic[o] cuando ésta surja de daños o perjuicios sufridos por un vehículo.

■ La reclamación que pueda instar el usuario por daños a su vehículo surge de la relación contractual de depósito o de arrendamiento existente entre el usuario y el dueño del área de estacionamiento, que es de naturaleza patrimonial. *P.R. Amer. Ins. Co. v. P.R. Park. System,* supra; *P.R. Parking Corp. v. ASERCO,* supra.

■ Sin embargo, cuando el usuario reclama daños y angustias mentales sufridas en *su persona,* tanto D.A.C.O. como los tribunales tienen jurisdicción concurrente para atender su reclamación. Así se desprende de la propia ley Núm. 120, *supra,* y de su Exposición de Motivos.(1)

---

(1) Véanse, además, las facultades generales que confiere el Art. 6 de la Ley Núm. 5 de 23 de abril de 1973 (3 L.P.R.A. sec. 341e(d)) al Secretario del Departamento de Asuntos del Consumidor (D.A.C.O.).

"*Sec. 341e. Poderes y facultades del Secretario*

"En adición a los poderes y facultades transferidos por este Capítulo, el Secretario de Asuntos del Consumidor tendrá los siguientes poderes y facultades:

■ Cuando un usuario de un área de estacionamiento va a reclamar exclusivamente daños y perjuicios por concepto de daños causados a su vehículo, la jurisdicción primaria y exclusiva la tiene D.A.C.O. Por ello, la reclamación debe ser presentada en dicha agencia y no en los tribunales de justicia.

■ En los casos en que el usuario va a reclamar los daños causados al vehículo y, además, los daños y angustias mentales causadas a su persona, el usuario tiene dos (2) opciones.

En la primera de ellas, el usuario puede presentar ambas reclamaciones en D.A.C.O. para que la agencia dilucide lo referente a daños al vehículo en el ejercicio de su jurisdicción exclusiva y lo referente a daños personales en el ejercicio de su jurisdicción concurrente. La segunda alternativa consiste en presentar la reclamación por daños y perjuicios al vehículo en D.A.C.O. y la de daños personales y angustias mentales en los tribunales de justicia. Bajo esta segunda opción se paralizará la acción judicial para que, una vez que advenga final y firme el dictamen administrativo, se resuelva por el foro judicial, si proceden, los daños personales y angustias mentales reclamadas. *Delgado Rodríguez v. Nazario de Ferrer*, supra. El tribunal también podrá referir a D.A.C.O. la reclamación por daños personales para que ésta se ventile en el foro administrativo.

---

"(d) Poner en vigor, implementar y vindicar los derechos de los consumidores, tal como están contenidos en todas las leyes vigentes, a través de una estructura de adjudicación administrativa con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho, disponiéndose que las facultades conferidas en este inciso podrá delegarlas el Secretario en aquel funcionario que él entienda cualificado para ejercer dichas funciones."

 La presentación en D.A.C.O. de una reclamación exclusivamente de daños sufridos por el vehículo no interrumpe el período prescriptivo para presentar posteriormente en D.A.C.O. o en los tribunales de justicia la reclamación de daños personales y angustias mentales. Art. 1830 del Código Civil, 31 L.P.R.A. sec. 5241. Ello es así, pues la reclamación de daños y perjuicios sufridos por el vehículo en un estacionamiento público es una causa de acción distinta de la de daños y perjuicios personales.

Dicha prescripción se interrumpe por reclamación judicial o extrajudicial. Véanse: 31 L.P.R.A. sec. 5303; *De Jesús v. Chardón*, 116 D.P.R. 238 (1985). Cuando ambas reclamaciones, la referente al vehículo y la de daños personales, se presentan en D.A.C.O., se interrumpe también el término prescriptivo de la segunda.

Por los fundamentos expuestos, *se dictará sentencia que revoque la dictada·por el Tribunal Superior y ordene a éste que refiera a D.A.C.O. ambas reclamaciones para que se inicie el trámite correspondiente.*

El Juez Presidente Señor Pons Núñez disiente en cuanto se refiere a la reclamación por daños de D.A.C.O. a la persona, por entender que la ley faculta al usuario para recurrir al tribunal cuando reclama daños a su persona y el tribunal no tiene facultad para referir esa reclamación a D.A.C.O. El Juez Asociado Señor Ortiz disiente sin opinión escrita.