ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| VALIENTE INVESTMENT, LLC Y OTROS <br><br> Apelantes <br><br> v. <br><br> CONSEJO DE TITULARES DEL CONDOMINIO TORRE DE ORO Y OTROS <br><br> Apelados | KLAN202300939 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Ponce <br><br> Caso Núm.: PO2022CV02351 <br><br> Sobre: Daños y otros |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y el Juez Campos Pérez[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de abril de 2024.

Comparece la parte demandante, Valiente Investment, LLC; Friends Management, Consulting & Accounting Solutions, LLC; Valentina Organization, LLC y la Sra. Ana Valentín Torres, mediante el presente recurso de *Apelación*. Solicitan que se revoque una *Sentencia* emitida por el Tribunal de Primera Instancia Sala Superior de Ponce (en adelante, TPI) el 30 de agosto de 2023, notificada el mismo día. En la aludida sentencia, el TPI desestimó la *Demanda* y *Demanda Enmendada* al concluir que carecía de jurisdicción, ya que conforme a la Ley Núm.129-2020, mejor conocida como *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1921, es el Departamento de Asuntos del Consumidor (en adelante, DACo) el foro de jurisdicción primaria y exclusiva.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

---

[1] Mediante Orden Administrativa TA-2023-212 de 6 de diciembre de 2023 se designó al Hon. José I. Campos Pérez en sustitución de la Hon. Waleska I. Aldebol Mora.

Número Identificador

SEN2024 _____

**I.**

El 23 de agosto de 2022, Valiente Investment, LLC y la Sra. Ana Valentín Torres presentaron ante el Tribunal de Primera Instancia, Sala Superior de Ponce una *Demanda* contra el Consejo de Titulares del Condominio Torre de Oro, el Sr. Walter E. Bodden Suarez, el Sr. Carlos Santiago, la Sra. Lourdes Colondres Rosario, el Sr. Nelson G. Rosario Rodríguez, Aseguradoras A, B, C y Personas Naturales A, B, C solicitando un *Injuction,* un cese y desista y un resarcimiento en daños y perjuicios.[2]

La parte demandante alegó que, entre otras cosas, son los propietarios de la oficina 204 ubicada en el Condominio Torre de Oro y que, el administrador del Condominio le notificó que la oficina ocupaba un área del pasillo comunal, por lo que pretendían demolerla. Además, alegaron que la parte demandada le había impedido realizar los pagos de la cuota de mantenimiento de la oficina 204, lo que provocó la desconexión del servicio de energía eléctrica el 1 de octubre de 2019 hasta el 5 de noviembre de 2019.

El 24 de agosto de 2022, el TPI emitió una *Orden de Entredicho Provisional,* en la que declaró Ha Lugar la solicitud de la parte demandante para salvaguardar los derechos de todos los involucrados.[3] Para ello, el TPI ordenó a la parte demandada abstenerse de realizar cualquier obra de demolición en la oficina 204. Finalmente, señaló vista para el 6 de septiembre de 2022 sobre el interdicto preliminar.

Así las cosas, el 6 de septiembre de 2022 la parte demandada presentó *Moción solicitando allanarnos a Injuction preliminar y Solicitud de continuación del procedimiento ordinario y se deje sin efecto vista por innecesaria.*[4] A pesar del escrito, ese mismo día se celebró la vista y ambas partes estuvieron de acuerdo

---

[2] Apéndice de la parte demandante-apelante, en el Anejo 4 págs.60-107.
[3] Apéndice de la parte demandante-apelante, en el Anejo 8 págs.119-124.
[4] Apéndice de la parte demandante-apelante, en el Anejo 10 págs.128-130.

en convertir el interdicto provisional a uno permanente. En consecuencia, el 8 de septiembre de 2022 el TPI emitió una Sentencia Parcial en la cual declaró un interdicto preliminar y se le ordenó a los demandados a abstenerse de demoler la oficina 204 del Condominio Torre de Oro hasta que el tribunal resolviera las demás causas de acción en la demanda.[5]

Luego de varios trámites procesales, el 9 de septiembre de 2022, el demandado Sr. Nelson Gustavo Rosario Rodríguez presentó una *Moción sobre Desestimación.*[6] En síntesis, la parte demandada reclamó que procedía desestimar la demanda porque el foro con jurisdicción primaria y exclusiva para atender los reclamos sobre el Agente Administrador en un condominio mixto era DACo según el Artículo 65 de Ley Núm. 129 de 2020, *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1923j, por lo que el TPI carecía de jurisdicción para atender dicho asunto. En segundo lugar, alegó que la Sra. Ana Valentín Torres no tenía legitimación activa para instar una acción pues no surgía de la escritura de compraventa que ella era la dueña de la oficina 204. En tercer lugar, arguyó que la parte demandante no cumplía con uno de los requisitos que establece Artículo 65 de Ley Núm. 129 de 2020, *Ley de Condominios de Puerto Rico*, supra, pues posee una deuda con el Consejo de Titulares. En cuarto lugar, alegó que la parte demandante no podía impugnar actuaciones de asambleas que ocurrieron cuando no era titular y finalmente, alegaron que la parte demandante actuó temerariamente.

El 17 de octubre de 2022, la parte demandante presentó una *Oposición a desestimación presentada por el Lic. Nelson Rosario Rodríguez.*[7] En síntesis, la parte demandante negó lo alegado por la parte demandada y arguyó que procedía su demanda pues el foro

---

[5] Apéndice de la parte demandante-apelante, en el Anejo 14 págs.151-155.
[6] Apéndice de la parte demandante-apelante, en el Anejo 15 págs.157-208.
[7] Apéndice de la parte demandante-apelante, en el Anejo 16 págs.209-231.

con jurisdicción para atender las reclamaciones en daños y perjuicios hechas por la demandante Sra. Ana Valentín Torres era el TPI. Sobre las alegaciones de la falta de pago de cuotas de mantenimiento, argumentó que la falta de pago de cuotas de mantenimiento no puede menoscabar el derecho constitucional de tener un día en corte.

Así las cosas, el 23 de octubre de 2022 la parte demandante presentó una *Demanda Enmendada*.[8] En dicho escrito añadió como demandante a Friends Management, Consulting & Accounting Solutions, LLC; y a Valentina Organization, LLC.

Luego de varios tramites procesales, el 4 de noviembre de 2022 los demandados, Consejo de Titulares del Condominio Torre de Oro, el Sr. Walter E. Bodden Suarez, el Sr. Carlos Santiago y la Sra. Lourdes Colondres Rosario presentaron una *Moción de Desestimación por carecer el Tribunal de jurisdicción primaria y exclusiva; cumplimiento de orden y otros extremos*.[9] En su escrito, alegaron, que el TPI carecía de jurisdicción para atender los asuntos planteados pues, el Artículo 65 de Ley Núm. 129 de 2020, *Ley de Condominios de Puerto Rico*, supra, le confiere tal jurisdicción a DACo.

Así las cosas, el TPI emitió una *Sentencia* el 30 de agosto de 2023 declarando Ha Lugar ambas mociones de desestimación presentadas.[10] El foro primario razonó, sobre la controversia de jurisdicción, que:

> [l]a reglamentación aplicable antes que se promulgara la Ley 129-2020, disponía en términos generales que estas impugnaciones de ser presentados por titulares en donde el inmueble comprendía apartamentos que no estaban destinados a fines de vivienda (es decir comerciales) o en donde había apartamientos no residenciales donde había al menos uno dedicado a vivienda, debían ser atendidas por el Tribunal de Primera Instancia. Mientras que si se

---

[8] Apéndice de la parte demandante-apelante, en el Anejo 17 págs.233-251.
[9] Apéndice de la parte demandante-apelante, en el Anejo 19 págs.257-263.
[10] Apéndice de la parte demandante-apelante, en el Anejo 1 págs. 1-29.

trataba de inmuebles donde la totalidad estaban destinados para fines de vivienda, le correspondería presentar sus reclamaciones en el DACo. Artículo 42 de la Ley 103-2003, 31 LPRA sec. 1293f.

Por el contrario, con la aprobación de la Ley 129-2020, la jurisdicción primaria exclusiva para atender las querellas de los titulares de apartamentos en condominios dedicados exclusivamente a fines comerciales quedó bajo la jurisdicción del Tribunal de Primera Instancia. Pero en el caso de que haya al menos una unidad de vivienda, es decir, sin necesidad de que fuera residencial en su totalidad, la jurisdicción primaria exclusiva se le confirió a DACO. Esto incluye también cualquier reclamación contra el agente administrador.

El efecto que esto tuvo es conferirle la jurisdicción exclusiva primaria a los Tribunales en casos de edificios con inmuebles dedicados a fines comerciales y a DACO en los casos dedicados exclusivamente a fines residenciales o a fines comerciales y residenciales. Por lo tanto, resolvemos la primera controversia que es que carecemos de jurisdicción para atender la causa de acción presentada por Valiente Investment, LLC, contra los demandados, incluyendo al agente administrador. Esto impide que entremos a dilucidar las alegaciones y controversias planteadas en los méritos del caso, entre ellas, la alegada deuda de cuotas de mantenimiento. Vimos, además, que la Parte Demandante alega que también existe un pleito por cuotas adeudadas pendientes de adjudicarse.[11]

En segundo lugar, el TPI concluyó las reclamaciones hechas en la *Demanda Enmendada* por la demandante Sra. Ana Valentín Torres en su carácter personal no tiene una causa de acción que justifique la concesión de un remedio por lo que procedió a declarar Ha Lugar ambas mociones de desestimación presentadas por la parte demandada.

Inconforme, la parte demandante acudió ante nos oportunamente mediante el presente recurso de *Apelación*. En su escrito, señala la comisión de los siguientes errores:

**Primer Error**: Erró el Tribunal de Instancia al desestimar la demanda y demanda enmendada.

**Segundo Error**: Erró el Tribunal de Instancia al indicar y establecer que hay hechos en la demanda y demanda enmendada que no están claros, no tienen fundamentos y negarse a atenderlos y resolverlos aduciendo que esas son reclamaciones "que no justifican la concesión de un remedio" y/o en otras no

---

[11] Apéndice de la parte demandante-apelante, en el Anejo 1 págs. 1-29.

haber constancia de que se hayan atendido en lo que denominó "ámbitos administrativos".

**Tercer Error**: Erró el Tribunal de Instancia al desestimar la demanda y demanda enmendada de los derechos en su carácter personal de la Sra. Ana Valentín aduciendo que no justifican la concesión de un remedio porque todas las acciones y los daños que ella reclama le pertenecen exclusivamente a la co-demandante corporación Valiente Investment, LLC. dueña de la oficina 204.

**Cuarto Error**: Erró el Tribunal de Instancia al establecer que la ley 129-2020 es retroactiva y prospectiva, y negarse aplicar disposiciones de la Ley 103-2003 de la ley de Propiedad Horizontal al caso al caso.

**Quinto Error**: Erró el Tribunal de Instancia al interpretar las Leyes de Propiedad Horizontal, en particular la ley 129-2020 y sus anteriores.

**Sexto Error**: Erró el Tribunal de Instancia al declararse sin jurisdicción para atender los hechos de la demanda y demanda enmendada aduciendo que la jurisdicción primera y exclusiva es del DACo.

La parte apelada presentó el 27 de noviembre de 2023 su *Alegato en Oposición*. Contando con la comparecencia de ambas partes, procedemos a resolver.

## II.

### *Jurisdicción*

La jurisdicción se refiere al "(...)poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias". *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Pérez et al. v. Lares Medical et al.*, 207 DPR 965 (2021). El Tribunal Supremo ha expresado que los tribunales deben ser guardianes de su jurisdicción y no poseen discreción para atribuirse o asumir jurisdicción donde no la tienen. *Pueblo v. Rios Nieves*, supra; *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 104–105 (2013). De igual forma, la falta de jurisdicción no puede ser subsanada por acuerdo entre las partes. *Pueblo v. Rios Nieves,* supra; *Pérez Soto v. Cantera Pérez, Inc. et al.*, supra. Si un tribunal carece de jurisdicción sobre el asunto ante su consideración, "solo resta

declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia". *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014). De lo contrario, si un tribunal dicta una sentencia cuando carece jurisdicción sobre las partes o sobre la materia, emite un dictamen *ultra vires. Pueblo v. Rios Nieves*, supra; *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

Por otra parte, la jurisdicción sobre la materia es "la autoridad que tiene un foro adjudicativo para atender y resolver determinada controversia o asunto sobre un aspecto legal". *Rosario Domínguez v. ELA*, 198 DPR 197, 206 (2017); *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157(2016). El Tribunal Supremo ha sido enfático en expresar que la falta de jurisdicción sobre la materia acarrea los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste abrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio.[12]

Si el Tribunal llega a la conclusión de que no tiene jurisdicción sobre la materia "viene obligado a desestimar el caso". *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).

### *Jurisdicción Concurrente y Jurisdicción Primaria*

Conforme a nuestro ordenamiento jurídico, los tribunales de Puerto Rico gozan de jurisdicción general. *CBS Outdoor v. Billboard One, Inc. et. al*, 179 DPR 391, 403 (2010); *Roberts v. USO Council of P.R.*, 145 DPR 58, 69 (1998); *Junta Dir. Cond. Montebello v. Fernández*, 136 D.P.R. 223, 230 (1994). Esto quiere decir que los tribunales de Puerto Rico pueden atender cualquier caso y controversia independientemente su materia, excepto cuando se le

---

[12] *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 326 (1997); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

ha privado de jurisdicción. *CBS Outdoor v. Billboard One, Inc. et. al,* supra. Mientras que, en el ámbito administrativo, las agencias solo tendrán jurisdicción para atender aquellos asuntos que su ley habilitadora expresamente le confiera y aquellos que sean indispensables para llevar a cabo sus poderes conferidos. *Raimundi v. Productora,* 162 DPR 215, 224 (2004); *Caribe Comms., Inc. v. P.R.T.Co.,* 157 DPR 203 (2002).

Cuando la ley permite que una acción se pueda instar tanto en el tribunal como en una agencia administrativa se entiende que ambos foros tienen jurisdicción concurrente. *CBS Outdoor v. Billboard One, Inc. et. al,* supra; *Aguilú Delgado v. P.R. Parking System,* 122 DPR 261, 266 (1988). No obstante, cuando la ley establece que un organismo administrativo tiene jurisdicción para atender un asunto en primera instancia nos enfrentamos a un supuesto de jurisdicción primaria exclusiva. *CBS Outdoor v. Billboard One, Inc. et. al,* supra en la pág. 404; *Aguilú Delgado v. P.R. Parking System,* supra. Bajo la doctrina de jurisdicción primaria exclusiva no se priva a los tribunales de ejercer su función de revisión judicial, si no que se les impide a los foros judiciales atender unos asuntos en primera instancia a la cual ley le ha otorgado jurisdicción primaria a los organismos administrativos. *CBS Outdoor v. Billboard One, Inc. et. al,* supra en la pág. 405; *Aguilú Delgado v. P.R. Parking System,* supra.

### *Retroactividad de la Ley*

Sobre la retroactividad de las leyes, el Artículo 3 del derogado Código Civil del 1930, 31 LPRA sec. 3, dispone que:

> Las leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario.
> En ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior.

Con un lenguaje similar, el Artículo 9 del Código Civil del 2020, 31 LPRA sec. 5323, establece que:

> La ley no tiene efecto retroactivo, excepto cuando se dispone expresamente lo contrario. El efecto retroactivo de una ley, no puede perjudicar los derechos adquiridos al amparo de una ley anterior.

Como norma general, para que se le pueda dar una interpretación retroactiva a una ley debe constar expreso o surgir claramente del estatuto. *Nieves Cruz v. U.P.R.*, 151 DPR 150, 158 (2000); *Vázquez v. Morales*, 114 DPR 822, 831 (1983). De no estar claro del texto del estatuto la aplicación retroactiva de la ley, "entonces la ley aplicable al asunto es la que estaba vigente cuando ocurrieron los hechos que dan lugar a la causa de acción". *Nieves Cruz v. U.P.R.*, supra; *Arce Oliveras v. E.L.A.*, 122 DPR 877, 879 (1988); *Kobler v. Escambrón Development Corp.*, 85 DPR 743, 744 (1962).

El Tribunal Supremo ha expresado que, pese a lo anterior, en circunstancias particulares procede la aplicación retroactiva de una ley, incluso cuando no esté expreso en el lenguaje del estatuto, cuando "tal aplicación es la más razonable a la luz del propósito legislativo que la inspiró". *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 325 (2013); *Soc. Asist. Leg. v. Ciencias Forenses*, 179 DPR 849, 862 (2010).

### *Ley de Condominios de Puerto Rico*

La Ley Núm. 129 de 2020, *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1921, según enmendada, derogo la antigua Ley Núm. 104 de 23 de junio de 1958, *Ley de Condominios de Puerto Rico*. Esta ley originalmente fue promulgada con el propósito de promover la convivencia de las familias puertorriqueñas en las áreas urbanas y la utilización de construcciones de multipisos sometidos al Régimen de Propiedad Horizontal. Véase *Arce v. Caribbean Home Const. Corp.*, 108 DPR 225 (1978); *Maldonado v. Consejo de Titulares*, 111 DPR 427 (1981).

El Tribunal Supremo interpretando la Ley Núm. 129 de 2020, *Ley de Condominios de Puerto Rico*, supra, ha expresado que:

> [t]anto el cuerpo de normas vigentes que rigen el régimen de propiedad horizontal, como las

disposiciones anteriores y su jurisprudencia interpretativa, han sido consistentes con el propósito que se pretende lograr con este tipo de vivienda. El régimen de propiedad horizontal cumple con una finalidad doble, a saber: (1) proveer a las personas la posibilidad de disfrutar el derecho a la propiedad plena e individual de un inmueble, y (2) maximizar el uso escaso de terreno disponible en el país. [...] De esta forma, la propiedad plena e individual coexiste con otros dueños mientras comparten áreas comunes para el disfrute de todas y todos sus integrantes. [...][13]

Interpretando la aplicabilidad de la Ley Núm. 129 de 2020, *Ley de Condominios de Puerto Rico*, supra, el Tribunal Supremo ha expresado que:

La Ley Núm. 129-2020 entró en vigor de manera inmediata y estableció que "sus disposiciones regir[ía]n a todo inmueble sometido al régimen de Propiedad Horizontal, *irrespectivo de la fecha en que fuera sometido a dicho régimen*".[14] (Énfasis en el original)

Por otra parte, el Artículo 65 de Ley Núm. 129 de 2020, *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1923j, establece donde se presentarán las impugnaciones de las acciones u omisiones llevadas acabo por la Junta de Directores, Administrador Interino y todos los acuerdos y determinaciones hechas por el Consejo. En lo pertinente:

[l]as acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:
a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;
b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;
c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
 Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso

---

[13] *Con. Tit. Centro Int'l Torre II v. PRCI*, 210 DPR 403, 415 (2022); *Park Tower, S.E. v. Registradora*, 194 DPR 244, 253 (2015).

[14] Véase *Con. Tit. Centro Int'l Torre II v. PRCI*, supra en la pág.414 citando el Artículo 76 de la Ley Núm. 129 de 2020, *Ley de Condominios de Puerto Rico*, 31 LPRA sec.); *Con. Tit. Centro Int'l Torre II v. PRCI*, supra en la nota alcalce 14 que expresa:
Para propósito de la controversia ante nos, es menester señalar que PRCI advino titular de la oficina 504 en 2017. Entiéndase, antes de la aprobación de la Ley Núm. 129-2020 (31 LPRA sec. 1921 *et seq.*). No obstante, por mandato expreso, esta es la Ley que aplicará a esta controversia[...]

comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. **En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador**. (Énfasis suplido)

Con un lenguaje similar, la Regla 23 del Reglamento de Condominios del Departamento de Asuntos del Consumidor, Reglamento Núm. 9386 de 6 de junio de 2022, indica:

I. Las acciones u omisiones de la Junta de Directores, Administrador Interino, Agente Administrador, Sindico, así como los acuerdos del Consejo de Titulares podrán ser impugnados ante el Departamento por los titulares en los siguientes supuestos:
(a) Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y a este Reglamento.
(b) Cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular.
(c) Cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
El Agente Administrador será responsable para cualquier determinación, actuación u omisión del Asistente Administrador.

II. El Departamento no tendrá jurisdicción para adjudicar querellas que surjan en condominios de uso exclusivamente comercial o profesional. En estos casos la jurisdicción corresponderá al Tribunal de Primera Instancia. Igualmente quedaran excluidas de la jurisdicción del DACO, las querellas entre titulares o cuando el Consejo de Titulares, el Director o la Junta de Directores presente una reclamación contra uno o varios titulares o residentes del condominio. La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia.

**III.**

En su recurso de *Apelación*, la parte apelante señala que erró el TPI al desestimar la demanda y la demanda enmendada, y al declararse sin jurisdicción para atender el asunto. De igual forma, el apelante señala que erró el foro primario al aplicar la ley 129-2020, y negarse a aplicar disposiciones de la Ley 103-2003 de la ley de Propiedad Horizontal al caso. No le asiste razón, veamos.

Debemos recordar que los tribunales somos fieles guardianes de nuestra jurisdicción, por lo que no debemos atribuirnos o asumir jurisdicción donde no la tenemos.[15] Somos del entendimiento de que cuando carecemos de jurisdicción debemos "...declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia".[16] Existen ocasiones donde la ley le otorga jurisdicción primaria y exclusiva a un organismo administrativo, por lo que los tribunales quedan impedidos de primera instancia atender ciertas controversias.[17]

En el caso ante nuestra consideración las controversias giran en torno a alegadas determinaciones del Consejo de Titulares y actuaciones del Agente Administrador, que causaron daños a la parte apelante, en un condominio mixto traídas al Tribunal por la parte apelante.[18] A estos fines, el Artículo 65 de Ley Núm. 129 de 2020, *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1923j, claramente establece que:

> [...]En el caso de los titulares sean dueños de apartamentos en condominios **con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor**, así como cualquier reclamación presentada en contra del agente administrador. (Énfasis nuestro.)

Conforme lo anterior, actuó correctamente el TPI al declararse sin jurisdicción, pues surge claramente del texto de la ley que el organismo con jurisdicción primaria y exclusiva para atender las controversias en daños instadas por la parte apelante es el DACo. Así las cosas, habiendo establecido que el TPI carece de jurisdicción para atender los asuntos planteados, resulta innecesario entrar a discutir los demás señalamientos de error.

---

[15] Véase *Pueblo v. Rios Nieves*, 209 DPR 264, 273 (2022); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 104–105 (2013).

[16] Véase *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014).

[17] Véase *CBS Outdoor v. Billboard One, Inc. et. al*, 179 DPR 391, 404 (2010); *Aguilú Delgado v. P.R. Parking System*, 122 DPR 261, 266 (1988).

[18] Véase Apéndice de la parte demandante-apelante, en el Anejo 1 págs. 1-29; Apéndice de la parte demandante-apelante, en el Anejo 4 págs.60-107; Apéndice de la parte demandante-apelante, en el Anejo 17 págs.233-251.

## IV.

Por los fundamentos anteriormente expuestos, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones