Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| EDGAR FRANCISCO MORALES RAMÍREZ<br><br>Apelante<br><br>v.<br><br>JUNTA DE DIRECTORES DEL CONDOMINIO COBIAN´S PLAZA<br><br>Apelada | KLAN202500242 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Sentencia Declaratoria<br><br>Caso Núm. SJ2022CV11063 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de mayo de 2025.

La parte apelante, Edgar Francisco Morales Ramírez, comparece ante nos para que revisemos y revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 22 de enero de 2025, notificada el 29 de enero de 2025. Mediante la misma, el foro primario declaró *Ha Lugar* una solicitud de *Desestimación,* promovida por la parte apelada, Junta de Directores del Condominio Cobián's Plaza.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**I**

El 21 de diciembre de 2022, la parte apelante presentó la acción civil de epígrafe. Mediante la misma, requirió al foro primario, a través de una *Solicitud* de *Sentencia Declaratoria,* la entrega de unos documentos bajo la custodia de la parte apelada.[1] En la

---

[1] Apéndice del Recurso, pág. 1.

Número Identificador

SEN2025 _____

referida demanda, adujo que era titular de varios apartamentos en el Condominio Cobián's Plaza al momento del paso del huracán María. Los apartamentos del referido condominio, incluyendo los del apelante, se encontraban cubiertos por una póliza de seguros, suscrita por MAPFRE.

El apelante sostuvo que luego del paso del mencionado huracán, el Consejo de Titulares del Edificio Cobián's Plaza celebró una reunión extraordinaria, el 29 de noviembre del 2018.[2] En dicha reunión, se aprobó la oferta de indemnización y pago que les hizo MAPFRE por los daños causados en las unidades residenciales y áreas comunes. El apelante adujo que, luego de referida reunión, realizó una comunicación escrita, fechada 6 de diciembre de 2018, en la cual hizo un requerimiento de información a la parte apelada. Del documento surge que el apelante solicitó, entre otras cosas, copia de la oferta aprobada por cada apartamento beneficiado.[3] Sin embargo, la parte apelada, mediante carta del 7 de enero de 2019, le informó que había presentado una consulta sobre este particular al DACo, debido a que no se permitía la divulgación de la información solicitada a terceros.[4] Por no haber recibido la información antes descrita, presentó la acción de sentencia declaratoria de epígrafe.

Luego de varios trámites procesales, el 6 de junio de 2023, el apelante presentó *Solicitud de Sentencia Declaratoria Enmendada*[5], en la cual solicitó el mismo remedio. Sin embargo, al imputarle temeridad, solicitó costas y honorarios a su favor.

Posteriormente, el 9 de agosto de 2023, la parte apelada presentó una *Moción de Desestimación*.[6] En particular, argumentó que la demanda dejaba de exponer una reclamación que justificara

---

[2] SUMAC, entrada núm. 1, Anejo 1.
[3] *Íd.*
[4] SUMAC, entrada núm. 1, Anejo 2.
[5] Apéndice del Recurso, pág. 8.
[6] *Íd.* pág. 17.

la concesión de un remedio, por ser de aplicación las doctrinas de cosa juzgada e impedimento colateral por sentencia. Añadió, que entre las partes ya se habían suscitado otros pleitos por la misma causa, en donde se habían desestimado las controversias por falta de jurisdicción.[7]   Además, arguyó que el apelante actuó con temeridad y frivolidad porque presentó la misma causa de acción ya resuelta anteriormente.

El 5 de septiembre de 2023, la parte apelante presentó *Moción en Oposición a Moción de Desestimación*[8], mediante la cual sostuvo que su solicitud de *Sentencia Declaratoria* justificaba la concesión de un remedio. Alegó, que con la presente acción pretendía la entrega de los documentos que le pertenecen al Condominio y, por tanto, a todos sus titulares.  Además, sostuvo que en la demanda presentada previamente, el foro primario no llegó a una determinación sobre los documentos en controversia, puesto que la única determinación que realizó el foro primario fue la falta de jurisdicción primaria para atender los asuntos que allí fueron planteados.  Así, y tras reafirmarse en los argumentos de su petición, la parte apelante solicitó al foro primario que se declarara *No Ha Lugar* la *Moción de Desestimación* presentada por la parte apelada. También, le solicitó al foro primario, que procediera con el curso de los trámites de su reclamo sobre la sentencia declaratoria, y que se le impusiera a la parte apelada temeridad.

El 29 de enero de 2025, el Tribunal de Primera Instancia notificó la *Sentencia* aquí apelada.[9] Mediante la misma, concluyó que procedía desestimar el caso de autos. El tribunal sentenciador sostuvo que, pese a que el apelante presentó su acción, amparado en la Regla 59.1 de Procedimiento Civil, 32 LPRA Ap. V, lo que en

---

[7] *Véase:* Casos SJ2019CV09765, KLAN202000545 y CC20210745.
[8] *Íd.* pág. 27.
[9] *Íd.* pág. 34.

realidad solicitó fue un requerimiento de documentos a la Junta de Directores no le había provisto. Añadió, que no se dieron los elementos para la sentencia declaratoria y que tampoco el apelante posicionó al foro primario para determinar, si en efecto, sufrió un daño claro y palpable o un peligro potencial para conceder su petición.

Por otro lado, el foro primario indicó que al apelante ser dueño de un apartamento, inscrito bajo el Régimen de Propiedad Horizontal, era DACo quien, por virtud de ley, tenía la jurisdicción primaria y exclusiva, para atender el asunto en controversia. Por los fundamentos esbozados, el Juzgador declaró *Ha Lugar* la *Moción de Desestimación*, presentada por la parte apelada.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 21 de marzo de 2025, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al determinar que no procede la sentencia declaratoria en este caso, por ser un asunto de jurisdicción primaria y exclusiva de DACo, cuando existen determinaciones administrativas y judiciales anteriores al presente caso, que resuelven el asunto del que trata la solicitud de sentencia declaratoria.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

En materia de derecho administrativo, la doctrina de *jurisdicción primaria* está predicada en una norma de prelación jurisdiccional disponiendo que una agencia administrativa tiene la jurisdicción inicial y exclusiva para examinar un tipo de reclamación. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 709

(2014). Siendo así, la misma exige a los tribunales de justicia auscultar el alcance de la ley habilitadora del organismo concernido, a fin de resolver si el asunto en cuestión es uno estrictamente sujeto a su ámbito de especialización. *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407, 430 (2012). Por tanto, la antedicha norma plantea un esquema de competencia inicial, que opera en función a lo dispuesto en el estatuto regulador de la agencia.

El estado de derecho reconoce que la doctrina de *jurisdicción primaria* se manifiesta en dos contextos independientes: la *jurisdicción primaria exclusiva* y la *jurisdicción primaria concurrente.* *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 102 (2020); *Báez Rodríguez et al. v. E.L.A.,* 179 DPR 231, 239 (2010); *Rivera Ortiz v. Mun. De Guaynabo,* 141 DPR 257, 267 (1996). La jurisdicción primaria exclusiva hace referencia a las ocasiones en que, por virtud de ley, de manera clara e inequívoca, la autoridad de los tribunales queda postergada hasta tanto la agencia concernida entienda primero sobre el asunto. *Beltrán Cintrón et al. v. ELA et al., supra,* pág. 104. De este modo, por mandato legislativo, los foros judiciales están impedidos de asumir jurisdicción inicial en un asunto que, si bien es por ellos adjudicable, ha sido estricta y exclusivamente delegado a la intervención original del cuerpo administrativo. Ahora bien, la aludida doctrina no impide que la controversia no pueda ser atendida por los tribunales, ya que la parte interesada podrá presentar un recurso de revisión judicial. *Rivera Ortiz v. Mun. De Guaynabo,* supra*,* pág. 272*; Aguilú Delgado v. P.R. Parking System,* 122 DPR 261, 266 (1988).

**B**

De otra parte, el régimen de propiedad horizontal es una institución jurídica *sui generis*, consistente en el dominio exclusivo de una unidad inmueble que "coexiste con un condominio forzoso e

inseparable de elementos comunes." *Bravman, González v. Consejo de Titulares,* 183 DPR 827, 844 (2011), citando a *Arce v. Caribbean Home Const. Corp.,* 108 DPR 225, 236 (1978). Su principio rector es garantizar a los titulares el disfrute de la propiedad individual.

De ahí que, la Ley de Condominios de Puerto Rico, Ley 129-2020, 31 LPRA sec. 1921, *et seq.* (Ley de Condominios), se ejecutó con el propósito de viabilizar la propiedad individual sobre una unidad de apartamento que forma parte de un inmueble sometido al régimen de propiedad horizontal. De este modo, se estatuyó el derecho de cada titular a disfrutar plenamente del mismo, y de las áreas comunes establecidas, siempre que no resulte en menoscabo de las prerrogativas de los demás titulares. Art. 2 de la Ley de Condominios, 31 LPRA sec. 1921a.; *Junta de Dir. Cond. Montebello v. Torres,* 138 DPR 150, 154 (1995).

En la propiedad horizontal, "[e]l titular individual es responsable, principalmente de su propio apartamento, que le pertenece privativamente como cualquier otra finca sujeta a derechos reales como el de propiedad". *Colón Ortiz v. Asoc. Cond. B.T. I,* 185 DPR 946, 960 (2012). Sin embargo, [e]n cuanto al uso y mantenimiento de los elementos comunes, así como los asuntos generales relacionados con la vida del condominio, la responsabilidad recae sobre toda la comunidad". *Íd.* En la consecución de ello, la Ley de Condominios, *supra,* propone el Consejo de Titulares como el organismo integrado por la totalidad de los titulares individuales, con personalidad jurídica propia, que constituye la autoridad suprema sobre la administración del inmueble. Art. 48 de la Ley de Condominios, supra, 31 LPRA sec. 1922t. Así, constituye el cuerpo rector y deliberativo con dominio sobre las áreas comunes del lugar y limitado solo por lo dispuesto en la Ley de Condominios, la escritura matriz y el reglamento adoptado por el Consejo. *Consejo de Titulares v. Gómez Estremera et*

*al.*, supra, pág. 417; *DACo v. Junta Cond. Sandy Hills*, 169 DPR 586, 594 (2006).

En lo pertinente al caso de marras, el Art. 65 de la Ley de Condominios, *supra*, dispone lo siguiente:

Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:

a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;

b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;

c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.

Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. **En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador.**

[…].

31 LPRA sec. 1923(j).

## C

Por otro lado, la *sentencia declaratoria* es un "mecanismo remedial y profiláctico que permite anticipar la dilucidación de los méritos de cualquier reclamación ante los tribunales, siempre y cuando exista un peligro potencial contra quien la solicita". *Moreno Ferrer v. JRCM,* 209 DPR 430, 459 (2022); *Rosario Rodríguez v. Rosado Colomer et al.*, 208 DPR 419, 427 (2021); *Beltrán Cintrón et al. v. ELA et al, supra,* pág. 109; *Alcalde de Guayama v. ELA,* 192

DPR 329, 333 (2015). El fin de este recurso extraordinario es disipar una incertidumbre jurídica y contribuir a la paz social. Por tanto, puede dictarse en procesos en los cuales "los hechos alegados demuestran que existe una controversia sustancial entre las partes que tienen intereses legales adversos, sin que medie lesión previa de los mismos". *Beltrán Cintrón et al. v. ELA et al, supra,* pág. 109. Asimismo, se ha reconocido que la sentencia declaratoria es un mecanismo idóneo para adjudicar controversias de naturaleza constitucional. *Asoc. De Periodista v. González,* 127 DPR 704, 723-724 (1991).

En específico, la Regla 59.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 59.1, expresamente dispone que los tribunales de instancia tendrán autoridad para declarar derechos, estados y otras relaciones jurídicas, aunque se inste o pueda instarse otro remedio. Dicho estatuto, claramente establece que no se estimará como motivo suficiente para atacar un procedimiento o una acción, el que se solicite una resolución o sentencia declaratoria. Compete, entonces, a la parte promovente, demostrar la existencia o inminencia de un daño claro y real, no imaginario o hipotético. *Senado v. Tribunal Supremo y Otros,* 208 DPR 115, 134 (2021).

Debe añadirse que la propia, Regla 59.3 de Procedimiento Civil 32 LPRA Ap. V, R. 59.3, expresa que "el tribunal podrá negarse a dar o a registrar una sentencia o decreto declaratorio cuando tal sentencia o decreto, de ser hecho o registrado, no haya de poner fin a la incertidumbre o controversia que originó el procedimiento".

**III**

En la presente causa, la parte apelante señaló que el Tribunal de Primera Instancia erró al determinar que no procedía la solicitud de sentencia declaratoria, debido a que el asunto era de jurisdicción primaria y exclusiva de DACo. Argumentó que existían

determinaciones administrativas que resolvían su petición. Habiendo examinado los referidos señalamientos, a la luz de la norma aplicable, confirmamos la *Sentencia* apelada.

Un examen de los documentos que nos ocupan mueve nuestro criterio a sostener la corrección de lo resuelto por el tribunal primario. Conforme surge, los argumentos de la parte apelante en su solicitud de sentencia declaratoria se ciñen, a que le fueran entregados unos documentos custodiados por la parte apelada. En su demanda, el apelante alegó que durante una reunión extraordinaria el Consejo de Titulares aprobó una oferta de indemnización y pago realizada por MAPFRE para cubrir los daños ocasionados al Condominio por el paso del Huracán María. Sostuvo que no tuvo la oportunidad de ver el desglose de la oferta realizada, ni pudo corroborar la distribución de los fondos para los apartamentos y áreas comunes.

Ahora bien, según hemos esbozado anteriormente, la sentencia declaratoria es un remedio que se utiliza para que un tribunal declare derechos. Contrario a los planteamientos del apelante, la prueba documental que hemos tenido a nuestro haber examinar, sostiene que, en efecto la sentencia declaratoria no era el remedio adecuado para que el apelante expusiera su reclamo.

Por otro lado, según dispone la Ley de Condominios *supra*, cuando un titular sea dueño de al menos un apartamento de uso residencial en condominios, la jurisdicción primaria y exclusiva para adjudicar controversias la tendrá DACo. Como bien determinó el foro primario, la intervención judicial no procedía en ese momento, toda vez que, por mandato de ley, el apelante tenía que acudir al DACo para iniciar su acción.

Finalmente, conviene recordar que, la parte apelante había presentado previamente otro caso sobre la misma controversia. Sin embargo, el foro primario y apelativo concluyeron que no podían

entrar en los méritos debido a que la jurisdicción primaria y exclusiva era de DACo.

En mérito de todo lo expuesto, sostenemos el dictamen apelado en toda su extensión. Siendo así, el foro del DACo es la entidad llamada a atender el asunto, pues tiene jurisdicción primaria y exclusiva sobre ello.

**IV**

Por los fundamentos que anteceden, se confirma la Sentencia apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones