JULIÁN KOBLER ET AL., demandantes, recurridos y recurrentes, *v.* ESCAMBRÓN DEVELOPMENT CORP., demandada, recurrente y recurrida.

*Número:* 12625    *Resuelto:* 22 de junio de 1962

*Juan Enrique Geigel, Guillermo Silva, Jaime A. García Blanco* y *Hernán G. Pesquera,* abogados de la demandada; *F. Fernández Cuyar,* abogado de los demandantes.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

PER CURIAM: Los demandantes, marido y mujer, reclamaron de la corporación que operaba una hospedería, los daños sufridos por la esposa con motivo de un alegado accidente sufrido mientras eran sus huéspedes.

El tribunal de instancia determinó "que el grado de culpa del señor Velasco, empleado y agente de la demandada, fue como una tercera parte del de la señora Kobler. Es por esto que la culpa de la demandada en el accidente y de los daños sufridos por la demandante es una cuarta parte del total". Así, la corte sentenciadora, a pesar de que los hechos ocurrieron el 22 de febrero de 1955, con anterioridad a la enmienda introducida al art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, graduó los daños y, no obstante reconocer que la demandante contribuyó a la ocurrencia del accidente, le concedió indemnización. Para sostener la determinación del juez sentenciador los demandantes invocan el art. 1056 del

Código Civil, 31 L.P.R.A. sec. 3020.([1])   Antes de enmendarse el art. 1802 del Código Civil, nunca aplicamos la doctrina de la negligencia comparada.([2])   Se consideraba que era necesaria legislación expresa a ese efecto. *Irizarry* v. *Pueblo*, 75 D.P.R. 786, 793 (1954).   Dos años más tarde, mediante la Ley Núm. 28 de 9 de junio de 1956, la Asamblea Legislativa incorporó a nuestro ordenamiento jurídico esa doctrina enmendando el art. 1802.([3]) Los demandantes reconocen que la disposición enmendada no es aplicable a los hechos de este caso por haber ocurrido antes de su vigencia. *Quiñones* v. *Hernández*, 83 D.P.R. 212 (1961) escolio 2. Así, aun presumiendo que el agente de la demandada incurrió en conducta negligente, erró el tribunal recurrido al declarar con lugar la acción ejercitada a pesar de la negligencia contribuyente de la demandante. *Natal* v. *Bartolomey*, 14 D.P.R. 486 (1908) y todos los casos que siguieron aplicando la doctrina de la negligencia contribuyente como eximente de responsabilidad hasta la aprobación de la enmienda al art. 1802 por la Ley Núm. 28 de junio de 1956.

*Se revoca la sentencia recurrida que dictó el Tribunal Superior, Sala de San Juan, con fecha 31 de diciembre de 1957.*

---

([1]) Dispone así el art. 1056:

"La responsabilidad que proceda de negligencia es igualmente exigible en el cumplimiento de toda clase de obligaciones, pero podrá moderarse por los tribunales según los casos."

([2]) En el caso de *Ramos* v. *Carlo*, 85 D.P.R. 353 (1962), una Sala de este Tribunal, consideró a manera de *dictum* (Véase escolio 6 de la referida opinión) la cuestión de la aplicabilidad del art. 1056 para graduar los daños.

([3]) La enmienda consistió en adicionar una oración que lee como sigue: "La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización."