ÁNGEL ARCE OLIVERAS, VIRGENMINA ARCE CARABALLO, ETC., demandantes y apelados, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, ETC., demandados y apelantes.

*Número:* CE-87-2 *Resuelto:* 8 de diciembre de 1988

*Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, y Dora T. Peñagarícano, Procuradora General Auxiliar*, abogados de El Pueblo; *Raúl Dávila Rivera,* de *Bauzá & Dávila*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

El 2 de junio de 1984 los apelados presentaron demanda contra el Estado Libre Asociado y otros. Reclamaron compensación por los daños y perjuicios sufridos con motivo de la impericia médica de los empleados del Hospital de Distrito de Ponce. Las actuaciones torticeras por las cuales se solicitaba reparación se llevaron a cabo en el mes de junio de 1982.(1)

---

(1) El tribunal denegó las mociones de desestimación por prescripción y falta de notificación dentro de los noventa (90) días. El Estado acató dicho dictamen.

El 26 de noviembre de 1986, el Tribunal Superior, Sala de Ponce, dictó una sentencia en que condenaba al Estado Libre Asociado a pagarle a los demandantes las sumas siguientes:

a. Angel L. Arce Oliveras (padre) $ 25,000.00

b. Virgenmina Arce Caraballo (madre) $100,000.00

c. Sociedad Legal de Gananciales compuesta por Angel L. Arce y Virgenmina Arce $ 10,000.00

d. Al menor Luis Ernesto Arce Arce

 1. Por el daño cerebral sufrido y las incapacidades físicas y mentales a consecuencia del mismo $200,000.00

 2. Por sus sufrimientos físicos y angustias mentales presentes, pasadas y futuras $100,000.00

 3. Por la merma permanente en su capacidad y potencial para generar ingresos $ 50,000.00

Sentencia del Tribunal Superior, Sala de Ponce, pág. 34.

El tribunal resolvió que los límites de responsabilidad fijados por la Ley Núm. 30 de 25 de septiembre de 1983 (32 L.P.R.A. sec. 3077),(2) eran inconstitucionales por ser contra-

---

(2) "Se autoriza demandar al Estado Libre Asociado de Puerto Rico ante el Tribunal de Primera Instancia de Puerto Rico por las siguientes causas:

"(a) Acciones por daños y perjuicios a la persona o a la propiedad hasta la suma de setenta y cinco mil (75,000) dólares causados por acción u omisión de cualquier funcionario, agente o empleado del Estado, o cualquier otra persona actuando en capacidad oficial y dentro del marco de su función, cargo o empleo interviniendo culpa o negligencia. Cuando por tal acción u omisión se causaren daños y perjuicios a más de una persona, o cuando sean varias las causas de acción a que tenga derecho un solo perjudicado, la indemnización por todos los daños y perjuicios que causare dicha acción u omisión no podrá exceder de la suma de ciento cincuenta mil (150,000) dólares. Si de las conclusiones del tribunal surgiera que la suma de los daños causados a cada una de las personas excede de ciento cincuenta mil (150,000) dólares, el tribunal procederá a distribuir dicha suma entre los demandantes, a prorrata, tomando como base los daños sufridos por cada uno. Cuando se radique una acción contra el Estado por daños y perjuicios a la persona o a la propiedad, el tribunal ordenará, mediante la publicación de edictos en un periódico de circulación general, que se notifique a todas las personas que pudieran tener interés común, que deberán comparecer ante el tribunal, en la fecha dispuesta en los edictos, para que sean acumuladas a los fines de proceder a distribuir la cantidad de ciento cincuenta mil (150,000) dólares entre

rios a la doctrina establecida en *Torres v. Castillo Alicea*, 111 D.P.R. 792 (1981).

Admitimos el recurso de apelación presentado por el Estado Libre Asociado por estar presente una cuestión constitucional sustancial.

 Los demandantes apelados plantean, por primera vez en este recurso, que la Ley Núm. 30, ante, no es aplicable en este caso por ser la misma de carácter prospectivo. Invocan nuestra decisión en *Rodríguez Ríos v. E.L.A.*, 116 D.P.R. 102 (1985). Les asiste la razón. Siendo ello así, es innecesario pasar juicio sobre la constitucionalidad de la Ley Núm. 30, ante.

En *Rodríguez Ríos v. E.L.A.*, ante, resolvimos que del historial legislativo de la Ley Núm. 30, ante, surge que la intención fue que la misma sólo aplicara prospectivamente. La referida ley no es aplicable al caso de autos, porque al aprobarse ya había surgido la causa de acción de los demandantes apelados. A ese momento tampoco regían los límites anteriores de la Ley Núm. 104 de 29 de junio de 1955, ya que en 1981, en *Torres v. Castillo Alicea*, ante, resolvimos que el límite compulsorio para las indemnizaciones que establecía dicha ley era inconstitucional.

El hecho de que la demanda en este caso se presentara estando vigente la Ley Núm. 30, ante, no altera el resultado. La intención legislativa de que la medida fuese prospectiva es clara. Véase el historial legislativo citado en *Rodríguez Ríos v. E.L.A.*, ante.[3]

---

los demandantes, según se provee en las secs. 3077 *et seq.* de este título." 32 L.P.R.A. sec. 3077.

[3] Véase, además, F.J. Bonilla Ortiz, *Los límites económicos en las demandas contra el Estado*, LIV (Núm. 4) Rev. Jur. U.P.R. 760, 766–767 (1985).

"La Ley Núm. 30 (1983) fue interpretada recientemente por nuestro Tribunal Supremo en *Rodríguez Ríos v. E.L.A.*, 116 D.P.R. 102 (1985). En este caso el E.L.A. fue negligente por unos hechos ocurridos entre 1975 y 1977, antes de

En vista de que el tribunal de instancia no estaba obligado a observar los límites económicos fijados en la ley, deberá, aunque por fundamentos distintos, confirmarse la sentencia.(4)

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García se inhibió.

---

*Torres v. Castillo Alicea*, 111 D.P.R. 792 (1981). En 1978 se presentó la acción en el tribunal de instancia, que dictó sentencia en 1984, después de aprobada la Ley Núm. 30 (1983), y condenó al E.L.A. a indemnizar a la demandante en $423,900.77. La controversia fue si aplicaba la Ley Núm. 30 de 1983 a los pleitos pendientes a la fecha de su aprobación. El Tribunal citó extensamente el debate del P. de la C. 1033, que luego se convirtió en la Ley Núm. 30, y concluyó:

"'A la luz de este historial es claro que la Ley 30 . . . tiene tan s[ó]lo aplicación prospectiva.'

"El mismo día el Tribunal resolvió por Sentencia, *Pares Estrella v. E.L.A.*, Sentencia de 31 de enero de 1985, Núm. O-84-643. En este caso, antes de resolverse *Torres v. Castillo Alicea*, ante, el tribunal de instancia dictó sentencia contra el E.L.A. por $31,292.94. La sentencia advino final y firme en mayo de 1981. El demandante retiró los $15,000.00 consignados por el E.L.A. A los pocos días se resuelve *Torres v. Castillo Alicea*, ante. En 1982 la Asamblea Legislativa aprobó una resolución conjunta que autorizaba el pago del balance de la sentencia, actuación contraria a lo resuelto por *Torres v. Castillo Alicea*, ante, pero el Gobernador vetó esa resolución. En febrero de 1984, el demandante presentó una moción al tribunal de instancia que solicitaba la ejecución del balance no pagado de la sentencia. La sala de instancia resolvió que *Torres v. Castillo Alicea*, ante, no aplicaba retroactivamente, y tampoco tomó en consideración la Ley Núm. 30 de 1983. El Tribunal Supremo, luego de explicar lo resuelto el mismo día en *Rodríguez Ríos v. E.L.A.*, ante, dijo:

"'Tampoco rigen en este caso los límites anteriores de la Ley 104 ya que, no habiéndose dispuesto lo contrario en *Torres v. Castillo [Alicea]*, se entiende que lo allí resuelto tiene aplicación retroactiva.'"

(4) El Estado no cuestiona la razonabilidad de las cuantías concedidas. Estimamos que guardan una debida proporción con los extensos daños sufridos.